UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ATKINS,<br>　　　　Plaintiff,<br>　　v.<br>BANK OF AMERICA, N.A.,<br>　　　　Defendant. | Case No. 15-cv-00051-MEJ<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL TO PLAINTIFF DANNY ATKINS**<br><br>Re: Dkt. No. 18 |

## INTRODUCTION

On June 19, 2015, the Mellen Law Firm filed a Motion to Withdraw as Counsel to Plaintiff Danny Atkins. Dkt. No. 18. Atkins has failed to respond. The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 30, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the Mellen Law Firm's Motion for the reasons set forth below.

## BACKGROUND

The Mellen Law Firm has served as Atkins' counsel since filing this case on January 6, 2015. Dkt. No. 1. They seek to withdraw based on "an irretrievable breakdown of the relationship" and "a serious and irreconcilable conflict of interest between the Mellen Law Firm and Plaintiff." Mot. at 1. The Mellen Law Firm states that further details might jeopardize the attorney client privilege. *Id.* The Mellen Law Firm served the Motion on Atkins on June 19, 2015. Dkt. No. 19-2.

## LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the

action; and (2) the attorney obtains leave of Court. Civil L.R. 11-5(a). However, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civil L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 3-700(C) provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from a representation. One of these grounds is that "[t]he client . . . by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rule of Prof. Conduct 3-700(C)(1)(d).

Before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) (regarding papers), and complying with applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

## DISCUSSION

Based on the record in this case, it appears that withdrawal is appropriate. In addition to

the breakdown of the relationship between the Mellen Law Firm and Atkins, it appears that the Mellen Law Firm has been unable to communicate with Atkins.  After filing their Motion to Withdraw, the Mellen Law Firm filed a Motion to Enlarge Time for Conducting Mediation.  Dkt. No. 19.  As part of their request, the Mellen Law Firm states that the breakdown of the relationship includes "a loss of communication with Plaintiff," and they therefore sought to enlarge the time for mediation to allow Atkins sufficient time to seek new counsel or proceed pro se and communicate with Defendant Bank of America, N.A. and the mediator to schedule a new mediation date.  *Id.*; *see also* Cho Decl. ¶ 2, Dkt. No. 19-1.  The Court granted the request and extended the mediation deadline by 90 days.  Dkt. No. 20.  The Court finds that Atkins' failure to communicate with Plaintiffs' Counsel constitutes good cause for withdrawal.  *See, e.g.*, *Ortiz v. Freitas*, 2015 WL 3826151, at *2 (N.D. Cal. June 18, 2015) ("Mr. Ortiz's failure to maintain regular contact with his counsel and cooperate in moving the litigation forward constitutes good cause for withdrawal."); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, 2009 WL 464768, at *2 (N.D. Cal. Feb. 24, 2009) ("Luxenberg's refusal to communicate with Sedgwick, despite Sedgwick's multiple attempts to contact him, makes it unreasonably difficult for Sedgwick to represent Luxenberg effectively.").

In addition, the Court finds that the Mellen Law Firm has complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct.  The Mellen Law Firm provided reasonable advance notice to Atkins and all the other parties that have appeared in this case of their intention to withdraw.  The Court also finds that the Mellen Law Firm has taken steps to avoid reasonably foreseeable prejudice to Atkins' rights by giving due notice of their intent to withdraw and by allowing Atkins time to obtain substitute counsel.  Further, the case remains in the early stages of litigation, with discovery underway and the trial scheduled for April 2016.  Accordingly, the Court concludes that withdrawal is appropriate.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Mellen Law Firm's Motion to Withdraw as Counsel to Plaintiff Danny Atkins.  However, because Atkins has not consented to the withdrawal and no substitution of counsel has been filed on his behalf, the Motion is granted

on the condition that all papers from the Court and from Defendant shall continue to be served on the Mellen Law Firm for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b).   The Mellen Law Firm shall then file proof of service upon Atkins. No chambers copy is required.

As Atkins is now proceeding pro se, the Court directs his attention to the Court's Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office, or online at http://cand.uscourts.gov/prosehandbk.  Atkins may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: July 9, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge