1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANNY ATKINS,

                     Plaintiff,

          v.

BANK OF AMERICA , N.A.,

                     Defendant.

Case No.  15-cv-00051-MEJ

**ORDER DISMISSING CASE FOR
FAILURE TO PROSECUTE**

## INTRODUCTION

Plaintiff Danny Atkins has made no appearance in this case in several months and has not responded to the Court's Order to Show Cause for failure to prosecute.  Based on the procedural history discussed below, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).  The October 29, 2015 hearing is **VACATED**.

## BACKGROUND

On January 6, 2015, Atkins brought this case under the California Homeowner Bill of Rights, Cal. Civ. Code § 2923.6, in response to pending foreclosure proceedings initiated by Defendant Bank of America, N.A.  Compl. ¶ 1, Dkt. No. 1.  On June 19, 2015, Atkins' counsel, the Mellen Law Firm, filed a Motion to Withdraw as Counsel based on "an irretrievable breakdown of the relationship" and "a serious and irreconcilable conflict of interest between the Mellen Law Firm and Plaintiff."  Mot. at 1, Dkt. No. 18.  Atkins failed to respond.

On July 9, 2015, the Court granted the Mellen Law Firm's Motion, finding Atkins' failure to communicate with his counsel constituted good cause for withdrawal and that the Mellen Law Firm complied with the requirements for withdrawal under Civil Local Rule 11-5(a) and the

United States District Court
Northern District of California

1   California Rules of Professional Conduct.  Dkt. No. 21.  Because Atkins did not consent to the

2   withdrawal and no substitution of counsel was filed on his behalf, the Court granted the Motion on

3   the condition that the Mellen Law Firm serve Atkins with all filings from the Court and Bank of

4   America until a substitution of counsel was filed.  The Mellen Law Firm filed proof of service of

5   the Order upon Atkins.  Dkt. No. 22.  Since that time, Atkins has not appeared in this case.

6          On September 30, 2015, Bank of America filed a Request for a Telephonic Conference.

7   Dkt. No. 23.  In its request, Bank of America stated Atkins had failed to respond to outstanding

8   discovery, failed to meet in confer as required by the undersigned's Discovery Standing Order,

9   and failed to follow through on its request for a stipulation to extend deadlines to allow Atkins

10  more time to obtain an attorney.  *Id.*

11         Based on these alleged failures, the Court ordered Atkins to show cause why this case

12  should not be dismissed for failure to prosecute and failure to comply with court deadlines.  Dkt.

13  No. 24.  The Court ordered Atkins to file a declaration by October 15, 2015 and warned him that it

14  may dismiss this case without a hearing if no responsive declaration was filed.  The Mellen Law

15  Firm served the Order to Show Cause on Atkins.  Dkt. No. 25.  Atkins has again failed to respond.

16                                      **LEGAL STANDARD**

17         Under Rule 41(b), "the district court may dismiss an action for failure to comply with any

18  order of the court."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v.*

19  *Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to

20  meet court deadline).  "[T]he district court must weigh the following factors in determining

21  whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of

22  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

23  the public policy favoring disposition of cases on their merits; and (5) the availability of less

24  drastic sanctions.'"  *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting

25  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The *Henderson* factors "are 'not a

26  series of conditions precedent before the judge can do anything,' but a 'way for a district judge to

27  think about what to do.'"  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460

28  F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051,

1    1057 (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support dismissal . . .

2    or where at least three factors 'strongly' support dismissal."  *Hernandez v. City of El Monte*, 138

3    F.3d 393, 399 (9th Cir. 1998).

4                                      **DISCUSSION**

5          The first two *Henderson* factors strongly support dismissal.  First, "the public's interest in

6    expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d

7    983, 990 (9th Cir. 1999).  Second, the Court's need to manage its docket also weighs in favor of

8    dismissal.  Atkins delayed adjudication of this case by failing to appear on his own behalf or file a

9    substitution of counsel after the Court granted the Mellen Law Firm's Motion to Withdraw.  He

10   has also failed to respond to outstanding discovery, failed to meet in confer with Bank of America

11   as required by the undersigned's Discovery Standing Order, and failed to follow through on Bank

12   of America's request for a stipulation to extend deadlines to allow Atkins more time to obtain an

13   attorney.  Finally, Atkins has not responded to this Court's show cause order.  Non-compliance

14   with procedural rules and the Court's orders wastes "valuable time that [the Court] could have

15   devoted to other . . . criminal and civil cases on its docket."  *Ferdik*, 963 F.2d at 1261.

16         As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute

17   sufficient prejudice to require dismissal.  *Yourish*, 191 F.3d at 991.  However, "prejudice . . . may .

18   . . consist of costs or burdens of litigation."  *In re PPA*, 460 F.3d at 1228.  Moreover, "a

19   presumption of prejudice arises from a plaintiff's unexplained failure to prosecute."  *Laurino v.

20   Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002).  A plaintiff has the burden of

21   demonstrating a non-frivolous reason for failing to meet a court deadline.  *Id.*; *see also Yourish*,

22   191 F.3d at 991.  Here, Atkins failed to respond to the Court's Order to Show Cause and offered

23   no explanation for his failure to follow through on discovery and procedural requirements in the

24   prosecution of this case.  Therefore, the Court concludes the third *Henderson* factor also supports

25   dismissal.

26         The fourth *Henderson* factor, that public policy favors disposition of cases on their merits,

27   normally weighs strongly against dismissal.  *See*, *e.g.*, *Hernandez*, 138 F.3d at 399.  "At the same

28   time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . .

United States District Court
Northern District of California

. cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228.  The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).  Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate.  "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Here, the Court already attempted the lesser sanction of issuing an Order to Show Cause and giving Atkins an opportunity to explain the failure to prosecute his case.  As Atkins failed to respond, another order requiring him to respond is likely to be futile.  *See*, *e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead).  Further, the Order to Show Cause warned Atkins of the risk of dismissal; thus he cannot maintain the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274.  Accordingly, the Court finds the fifth factor also weighs in favor of dismissal.

### CONCLUSION

Based on the analysis above, the Court finds at least four of the five *Henderson* factors weigh in favor of dismissal.  As Atkins has failed to prosecute this case, dismissal is appropriate.  However, a less drastic alternative is to dismiss without prejudice.  *See Ferdik*, 963 F.2d at 1262.  Dismissal will minimize prejudice to Bank of America, but dismissing the case without prejudice will preserve the ability of Atkins to seek relief.  Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds dismissal without prejudice is appropriate.  *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice).

Accordingly, the Court **DISMISSES** this case **WITHOUT PREJUDICE** for failure to

1    prosecute and failure to comply with the Court's deadlines and orders.

2         The Mellen Law Firm shall serve this Order upon Atkins.

3         **IT IS SO ORDERED.**

4

5    Dated: October 20, 2015

6    _____

7    MARIA-ELENA JAMES
     United States Magistrate Judge

United States District Court
Northern District of California